UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff-Respondent,**

              Case No. 95-80972 & 03-72148

v.

              HONORABLE DENISE PAGE HOOD

**KEVIN KERR,**

  **Defendant-Petitioner.**

_____/

**MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE AND OTHER POST-TRIAL MOTIONS**

**I. INTRODUCTION**

  This matter is before the Court on several post-trial Motions filed by Defendant Kevin Kerr. Defendant filed a Motion to Renew Writ of Habeas Corpus, a Motion to Vacate Sentence, a Motion for Name Correction, a Motion for Mental Examination, a Motion for Grand Jury Proceedings, and a Demand for Jury Trial of Right. The Government has filed a Response to Defendant's Motion to Vacate Sentence. For the reasons set forth below, the Court denies all of Defendant's Motions.

**II. LAW & ANALYSIS**

  **A. Motion to Renew Writ of Habeas Corpus**

  On November 30, 1999, Defendant, acting pro se, filed his original Motion for Writ of Habeas Corpus. Defendant filed the instant Motion to Renew Writ of Habeas Corpus on February 13, 2003, along with a Supplemental Brief filed on March 22, 2004. None of the pleadings submitted by Defendant satisfy the requirements governing the form of a petition for writ of habeas corpus. *See generally,* Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255. Defendant's Petition is accordingly dismissed.

### B. Motion for Name Correction

On September 5, 2003, Defendant filed a Motion for Name Correction. In his Motion, Defendant seeks to have his legal name changed from Kevin Kerr to "Allah." The Court has already considered a previous Motion for Name Correction filed by Defendant. In an Order dated January 24, 2003, the Court denied Defendant's Motion. For the reasons stated therein, the Court denies Defendant's Motion for Name Correction.

### C. Motion for Mental Examination

Relying on Rule 35 of the Federal Rules of Civil Procedure, Defendant seeks an Order directing he receive a mental examination. Rule 35 provides, in pertinent part, as follows:

> **Order for Examination.** When the mental or physical condition . . . of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a). Notwithstanding the propriety of Defendant seeking his own mental examination by invoking Rule 35(a), the Court finds such an examination unnecessary. Defendant's mental condition is not in controversy. In addition, on April 11, 2000, the Court granted a Motion by Defendant for a mental examination in connection with his criminal case. Defendant's present Motion for Mental Examination is denied.

### D. Motion for Grand Jury Proceedings & Demand for Jury Trial of Right

No statute or case-law allows for the institution of grand jury proceedings or granting a jury trial in the present context. Defendant does not have any claims before the Court related to those addressed in his Motion for Grand Jury Proceedings or Demand for Jury Trial of Right. Rule 38 of

the Federal Rules of Civil Procedure, cited by Defendant in support of his Motion and Demand, is not applicable. *See* Fed. R. Civ. P. 38. No action has been commenced pertaining to Defendant's claims. To the extent Defendant seeks such remedies in connection with his Section 2255 case, that action is limited to seeking a determination that (1) the judgment violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to enter the judgment; (3) the sentence exceeded the maximum allowed by law; or (4) the judgment or sentence is otherwise subject to collateral review. *See* Rule 1 Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255. Defendant's Motion for Grand Jury Proceedings and Demand for Jury Trial of Right are denied.

### E. Motion to Vacate Sentence

Neither Defendant's Motion to Vacate Sentence nor Defendant's Supplemental Brief provide the Court with a proper reason for granting his Motion under Section 2255. Defendant does not state upon which ground he seeks relief, as required by Rule 2(b) of the Rules Governing Section 2255 Proceedings. Conclusory assertions are insufficient to support a Section 2255 action. *See United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Defendant's Motion to Vacate Sentence is therefore denied.

Accordingly,

IT IS ORDERED that Defendant's Motion to Renew Writ of Habeas Corpus **[Docket No. 463]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Name Correction **[Docket No. 467]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Mental Examination **[Docket No. 470]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Grand Jury Proceedings **[Docket No. 475]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Demand for Jury Trial of Right **[Docket Nos. 474 & 468]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate Sentence **[Docket No. 464]** is DENIED.

IT IS FURTHER ORDERED that this matter is dismissed with prejudice.

 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  July 8, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

                                                           Case No. 95-80972 & 03-72148

v.

                                                           HONORABLE DENISE PAGE HOOD

KEVIN KERR,

      Defendant-Petitioner.

_____/

## JUDGMENT

      In accordance with the Order entered this date, and the Court having entered an Order dismissing this matter;

      Accordingly, judgment is entered in favor of Respondent and against Petitioner.

                                                                  DAVID J. WEAVER
                                                                  CLERK OF THE COURT

Approved:                                            By: s/ Wm. F. LEWIS
                                                              Deputy Clerk

 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: July 8, 2005

Detroit, Michigan