

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Criminal Case No. 95-80972
Honorable Denise Page Hood

KEVIN KERR (D-1),

    Defendant.
_____/

### ORDER DENYING MOTIONS WITHOUT PREJUDICE
### AND
### ORDER DIRECTING THE CLERK TO TRANSFER
### THE MOTIONS UNDER 28 U.S.C. § 2255 AND OTHER MOTIONS
### TO THE SIXTH CIRCUIT COURT OF APPEALS

Before the Court are the following motions filed by Kevin Kerr: Motion for Relief Amending Judgment (Doc. No. 515); Motion to Amend Judgment Pursuant to Rule 59(e) (Doc. No. 516); Motion to Vacate Sentence under 28 U.S.C. § 2255 [Fourth] (Doc. No. 517); and Motion to Vacate Sentence under 28 U.S.C. § 2255 [Fifth] (Doc. No. 519). For the reasons set forth below, the Court once again transfers these motions to the Sixth Circuit Court of Appeals.[1]

Kerr was convicted by a jury on November 30, 1999 on seven counts involving

---

[1] On March 12, 2014, the Sixth Circuit Court of Appeals issued an Order denying Kevin Kerr's motion for authorization to file a second or successive motion under 28 U.S.C. § 2255, noting Kerr has filed several motions to vacate his sentence. (Doc. No. 524)

conspiracy to distribute and possession with intent to distribute controlled substances, money laundering, possession of a firearm by a convicted felon. Kerr was sentenced to serve life imprisonment without parole on one of the counts, which was affirmed by the Sixth Circuit Court of Appeals. *See United States v. Kevin Kerr,* 2002 WL 31475010 (6th Cir. Oct. 31, 2002).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor,* 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby,* 545 U.S. 524, 531 (2005).

Accordingly,

IT IS ORDERED that the following motions are **DENIED** without prejudice: Motion for Relief Amending Judgment **(Doc. No. 515)**; Motion to Amend Judgment Pursuant to Rule 59(e) **(Doc. No. 516)**; Motion to Vacate Sentence under 28 U.S.C. § 2255 **(Doc. No. 517)**; and Motion to Vacate Sentence under 28 U.S.C. § 2255 **(Doc. No. 519)**.

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** the following motions to the Sixth Circuit Court of Appeals: Motion for Relief Amending Judgment **(Doc. No. 515)**; Motion to Amend Judgment Pursuant to Rule 59(e) **(Doc. No. 516)**; Motion to Vacate Sentence under 28 U.S.C. § 2255 **(Doc. No. 517)**; and Motion to Vacate Sentence under 28 U.S.C. § 2255 **(Doc. No. 519)**.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:   JUL 17 2014