UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Criminal Case No. 95-80972
                                            Honorable Denise Page Hood

KEVIN KERR (D-1),

    Defendant.

_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
WITHOUT PREJUDICE
AND
ORDER DIRECTING THE CLERK TO TRANSFER
THE MOTION TO THE SIXTH CIRCUIT COURT OF APPEALS**

Before the Court is another motion filed by Kevin Kerr, a Motion for Relief from Judgment (Doc. No. 528). For the reasons set forth below, the Court once again transfers the motion to the Sixth Circuit Court of Appeals.[1]

Kerr was convicted by a jury on November 30, 1999 on seven counts involving conspiracy to distribute and possession with intent to distribute controlled substances, money laundering, possession of a firearm by a convicted felon. Kerr was sentenced to serve life imprisonment without parole on one of the counts, which was affirmed

---

[1] On December 16, 2014, the Sixth Circuit Court of Appeals issued another Order denying Kevin Kerr's motion for authorization to file a second or successive motion under 28 U.S.C. § 2255, noting Kerr has filed several motions to vacate his sentence. (Doc. No. 527)

by the Sixth Circuit Court of Appeals. *See United States v. Kevin Kerr,* 2002 WL 31475010 (6th Cir. Oct. 31, 2002).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor,* 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

Accordingly,

IT IS ORDERED that Kevin Kerr's Motion for Relief from Judgment **(Doc. No. 528)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** to the Sixth Circuit Court of Appeals the Motion for Relief from Judgment and the related documents **(Doc. Nos. 528-30).**

                                        <u>**S/Denise Page Hood**</u>
                                        **Denise Page Hood**
                                        **United States District Judge**

**Dated: January 28, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2015, by electronic and/or ordinary mail.**

                                        <u>**S/LaShawn R. Saulsberry**</u>
                                        **Case Manager**