UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Criminal Case No. 95-80972
                                                         Honorable Denise Page Hood

KEVIN KERR (D-1),

    Defendant.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM ORDER
COMMITTING PETITIONER TO
THE UNITED STATES BUREAU OF PRISON
AND
ORDER DIRECTING THE CLERK TO TRANSFER
THE MOTION TO THE SIXTH CIRCUIT COURT OF APPEALS**

Before the Court is another motion filed by Kevin Kerr entitled "Federal Rule Civil Procedure 60(b)(6) Motion for Relief from Order Entered on June 30, 2000 Committing this Petitioner to the United States Bureau of Prison." (Doc. No. 532). For the reasons set forth below, the Court once again transfers the motion to the Sixth Circuit Court of Appeals.[1]

Kerr was convicted by a jury on November 30, 1999 on seven counts involving conspiracy to distribute and possession with intent to distribute controlled substances,

---

[1] On December 16, 2014, the Sixth Circuit Court of Appeals issued another Order denying Kevin Kerr's motion for authorization to file a second or successive motion under 28 U.S.C. § 2255, noting Kerr has filed several motions to vacate his sentence. (Doc. No. 527)

money laundering, possession of a firearm by a convicted felon. Kerr was sentenced to serve life imprisonment without parole on one of the counts, which was affirmed by the Sixth Circuit Court of Appeals. *See United States v. Kevin Kerr,* 2002 WL 31475010 (6th Cir. Oct. 31, 2002).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor,* 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

Accordingly,

IT IS ORDERED that Kevin Kerr's Motion for Relief from Order Committing Petitioner to the United States Bureau of Prisons **(Doc. No. 532)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** to the Sixth Circuit Court of Appeals the Motion for Relief from Order Committing Petitioner to the United States Bureau of Prisons **(Doc. No. 532).**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 12, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager