**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                        CASE NO. 95-80972
                                             HON. DENISE PAGE HOOD

v.

KEVIN KERR,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY PURSUANT TO 18 U.S.C. § 3582, MOTION FOR MODIFICATION OF IMPOSED TERM OF IMPRISONMENT, MOTION FOR US SENTENCING GUIDELINE MANUAL 6A1.3 HEARING, MOTION TO CORRECT CLERICAL MISTAKE, AND MOTION TO REDUCE SENTENCE**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Kevin Kerr's Motions for Compassionate Release from Custody pursuant to 18 U.S.C. § 3582 (ECF No. 546), for Modification of Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 560), for US Sentencing Guideline Manual 6A1.3 Hearing to Resolve Disputed Factors (ECF No. 565), to Correct Clerical Mistake (ECF No. 568), and to Reduce Sentence (ECF No. 572). The Government filed a response to the Motion for Compassionate Release.

Kerr is presently in the custody of the United States Bureau of Prisons. Kerr was convicted by a jury on November 30, 1999 on seven counts involving conspiracy to distribute and possession with intent to distribute controlled substances, money laundering, possession of a firearm by a convicted felon. Kerr was sentenced to serve life imprisonment without parole on one of the counts, which was affirmed by the Sixth Circuit Court of Appeals. *See United States v. Kevin Kerr,* Case No. 00-1549, 50 F. App'x 230 (6th Cir. Oct. 31, 2002). Kerr has since filed numerous petitions, requests, and motions, including motions and successive motions under 28 U.S.C. § 2255. The Court previously denied Kerr's petitions, requests and motions, in addition to transferring several matters to the Sixth Circuit Court of Appeals as successive petitions.

In an Order dated November 1, 2021, the Sixth Circuit Court of Appeals found that the Court did not err in denying Kerr's motions under 18 U.S.C. § 3582(c)(2). (ECF No. 561, PageID.992, *United States v. Kerr*, Case No. 21-1559 (6th Cir. Nov. 1, 2021)). The Sixth Circuit also found that to the extent Kerr relied on non-retroactive changes made under the First Step Act under 18 U.S.C. § 3582(c)(1)(A), those changes are not extraordinary and compelling reasons justifying a sentence reduction. *Id*. The Sixth Circuit granted the Government's motion to remand on the limited issue of whether Kerr is entitled to a sentence reduction under 18 U.S.C. §

3582(c)(1)(A) based on "extraordinary and compelling reasons." *Id.* at PageID.993.

## II. ANALYSIS

### A. The First Step Act

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions since the court is not constrained by the policies set forth in § 1B1.13. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). The district court may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and does not need to address the others. *Elias,* 984 F.2d at 519. But the district court can only grant a defendant's motion for compassionate release by finding that the defendant satisfies all three of § 3582(c)(1)(A)'s prerequisites. *Id.*

As to what constitutes "extraordinary and compelling reasons," the Sixth

3

Circuit held that what is ordinary, the nonretroactivity of judicial precedent announcing a new rule of criminal procedure, is not extraordinary. *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022). What is routine, a defendant serving the duration of a lawfully imposed sentence, is not compelling. *Id*. Rehabilitation of the defendant alone cannot be considered extraordinary and compelling. *Id*. And, combining unrelated factors, such as rehabilitation, and other factors like non-retroactive legal developments, where each individually is insufficient to justify a sentence reduction and each are non-retroactive, cannot be considered extraordinary and compelling. *Id*.

A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Kerr has exhausted his administrative remedies. He submitted a request for compassionate release to the Bureau of Prisons ("BOP") based on his "non-terminal medical condition," his psychiatric diagnosis of "Gravely Disabled," so as to justify involuntary psychiatric medication. Kerr also stated that he had "grave disability," a "serious functional impairment" which is an "extraordinary and compelling circumstance" considered by the Sentencing Commission. (ECF No. 546, PageID.822; ECF No. 552, PageID.902) The Warden responded that Kerr's compassionate release request did not meet the

4

criteria for compassionate release because a review of Kerr's medical records did not show that he had been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less. The Warden further found that Kerr is able to care for his daily needs, that he is not confined to a bed or wheelchair for greater than fifty percent of his waking hours. (ECF NO. 546, PageID.823; ECF No. 552, PageID.903) Kerr then sought reconsideration and submitted an Administrative Remedy Procedure form, which was again denied by the BOP Warden. (ECF No. 546, PageID.824-.826; ECF No. 552, Page.904-.906) Kerr filed his Motion for Compassionate Release on February 2, 2021. (ECF No. 246)

**B.     First Step – Extraordinary and Compelling Circumstances**

**1.     Reasons Raised**

As to whether there are extraordinary and compelling circumstances to merit a sentence reduction in this case, Kerr asserts that the Warden abused his discretion by considering his request under the COVID-19 criteria instead of the "non-terminal medical" condition of "suffering from a serious functional or cognitive impairment" criteria and under the Arabic term "MARADZ." (ECF No. 546, PageID.815) Kerr submits that under the Holy Qu'ran the term "MARADZ" means "disease; anything whereby a person loses his physical, moral or spiritual health; any physical, moral or spiritual weakness or defect in faith; anything that hinders a human being's physical,

5

moral spiritual progress; hypocrisy." (ECF No. 546, PageID.815)

### 2. Medical Condition

The Government acknowledges that Kerr suffers from schizophrenia, along with other mental and psychological issues. (ECF No. 552, PageID.869) From 2002 to 2010, Kerr exhibited psychotic behaviors, including hallucinations. Kerr claims he is Allah and has so identified in his numerous documents submitted to the Court. He further claims that he is able to raise people from the dead. Kerr states that he had been told to kill certain groups of people who did not agree with his religious beliefs. The medical records show that, at various times, he has been very dangerous to others and very volatile. Due to his severe mental and psychological illness, including repeated bouts of dangerous psychosis which improved with medication, and his lack of understanding of his illness, he was required to take medications on an involuntary basis. (ECF No. 552, PageID.909-.911) Since taking his involuntary medication in 2013, Kerr's condition has improved to the point where BOP medical officials believe that he currently presents a low risk for violent behavior. (ECF No. 552, PageID.912) However, as medical officials note, longstanding psychiatric issues remain, including Kerr's longstanding delusion that he is Allah. *Id.*

Kerr has submitted several supplements since he filed his initial motion for compassionate release, including various certificates showing that he has completed

educational and vocational trainings and mental health counseling. Kerr's aunts wrote to the Court that the certificates and other papers show that Kerr can be a model citizen if given a chance. (ECF No. 564; see also related filings in ECF Nos. 554, 559, 560, 562, 565, 566, 574)

Although Kerr asserts that the Warden wrongly evaluated his request for compassionate release under COVID-19, the Court notes that the Sixth Circuit has ruled that because the COVID-19 vaccine is now available to a defendant housed with the BOP, the COVID-19 pandemic does not present an "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Lemons,* 15 F. 4th 747, 751 (6th Cir. 2021). The Sixth Circuit further stated:

> After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.)).

The Court finds that Kerr suffers from serious mental medical conditions,

7

including schizophrenia. However, the medical records indicate that his conditions are well-controlled by medication.

Kerr cites the commentary in § 1B1.13 as a basis for his release based on his mental condition and the involuntary medication he receives, which states,

> (A) Medical Condition of the Defendant –
>     (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (ii) The defendant is –
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). As noted above, this Court is not bound by § 1B1.13 as an applicable policy statement, but the Court can permissively consider it. *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). The policy statement "sheds light on the meaning of extraordinary and compelling reasons." *McCall*, 56 F.4th 1048 (6th Cir. 2022).

Based on the submissions by the parties, the Court finds that Kerr failed to

8

demonstrate extraordinary and compelling reasons for release. Kerr, as he acknowledges, has not been diagnosed with a terminal, incurable disease. Although Kerr claims he suffers from serious functional or cognitive impairment, and, the medical records support serious mental diagnoses, it appears he is able to care for his daily needs within the environment of a correctional facility. The medical record supports that Kerr's schizophrenia is being managed by the BOP. If Kerr were allowed to be released, there is no guarantee that his mental conditions would be managed appropriately. Kerr may revert to uncontrolled bouts of psychosis which could seriously pose a danger to others and himself. As noted in the medical records, he has been told to kill others who do not hold his religions beliefs. Although Kerr has attended various trainings and mental health counseling, which is good and he should so continue, rehabilitation alone cannot be a basis for release. The Court finds that Kerr has not shown extraordinary and compelling reasons to support release.

### C. Second Step – 18 U.S.C. § 3553(a)(1) Factors

The second step requires that the sentencing court consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

9

>> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>> (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...
>
> \* \* \*
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West).

The Sixth Circuit has repeatedly recognized that district courts may deny relief under § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief. *Ruffin,* 978 F.3d at 1008. The entire record is considered, including the district court's balancing of the factors at the original sentencing. *Id.*

At sentencing, the Court reviewed these factors thoroughly prior to imposing the sentence and continues to adopt those findings in this Order. The Court found and

continues to find that the sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. As noted in *Hunter*, "the facts that existed at sentencing–such as the 'nature and circumstances of the offense,' [and] the defendant's background," may be considered as part of a district court's § 3553(a) analysis. *Hunter,* 12 F. 4th at 569.

The amount of time served may also be considered in determining whether a sentence modification is appropriate. *Ruffin,* 978 F.3d at 1009. Here, Kerr is serving a life sentence. The Court's imposition of this sentence took into account the goals of sentencing under § 3553(a), including the need to protect the public, punishment and the seriousness of the crime.

Based on the Court's previous findings at sentencing, and the Court's numerous reviews of Kerr's motions and petitions, the Court continues to find that the nature and circumstances of the offenses are serious. The Court continues to abide by its findings at sentencing as to history and characteristics of the defendant, in addition to his need to be properly medicated for his mental diseases while in custody. The sentence the Court imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense in that it afforded adequate deterrence to criminal conduct, protected the public from further crimes by Kerr, and, as shown by the certificates submitted by Kerr and the medical records submitted,

11

provided him with needed educational or vocational training and medical care. After again considering the factors set forth in § 3553(a), the Court finds that Kerr is not entitled to compassionate release and must remain in custody to protect the public, himself and to continue his medical care.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1) **(ECF No. 546)** is DENIED for the reasons set forth above.

IT IS FURTHER ORDERED Defendant's Motion for Modification of Imposed Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) **(ECF No. 560)** is DENIED, the Court having issued a ruling on the same subject in a May 13, 2021 Order (ECF No. 556), which the Sixth Circuit Court of Appeals affirmed in its November 1, 2021 Order (ECF No. 561).

IT IS FURTHER ORDERED that Defendant's Motion for US Sentencing Guideline Manual 6A1.3 Hearing to Resolve Disputed Factors **(ECF No. 565)** is DENIED since there are no disputed factors in light of the Court's denial of Defendant's Motion for Compassionate Release.

IT IS FURTHER ORDERED that Defendant's Motion for Clerical Mistake

**(ECF No. 568)** is GRANTED in that Defendant claims there was a clerical mistake in one of his filings.

IT IS FURTHER ORDERED that Defendant's Motion to Reduce Sentence **(ECF No. 572)** is DENIED as set forth above and in the Court's previous rulings, including the May 13, 2021 Order (ECF No. 556).

IT IS FURTHER ORDERED that Defendant's various Petitions for Writ of Mandamus **(ECF Nos. 567, 569, 570 and 571)** compelling Respondent to perform his duty are DENIED as MOOT in light of this Court's ruling.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: January 27, 2023